IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD DAVID SUTHERLAND | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-3490-N-BD |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Ronald David Sutherland, a Texas prisoner, has filed an application for writ of

habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should

be dismissed for lack of subject matter jurisdiction.

I.

In 2005, petitioner pled guilty to arson and was sentenced to two years confinement.

Although petitioner has fully discharged that sentence, he alleges that the arson conviction was used

to enhance his punishment in three burglary cases for which he is still incarcerated. Petitioner

attempted to challenge the validity of the expired arson conviction in an application for state post-

conviction relief. The application was dismissed because petitioner was no longer "in custody" on

that conviction. *Ex parte Sutherland*, WR-27,881-07 (Tex. Crim. App. Oct. 27, 2011). Petitioner

then filed this action in federal district court.

II.

Petitioner contends that his arson conviction was based on "junk science" and that he was constructively denied his right to counsel in connection with his guilty plea. In a preliminary response, respondent argues that the court lacks subject matter jurisdiction to consider the collateral consequences of an expired conviction. (*See* Resp. Prelim. Ans. at 3-4). Petitioner addressed the jurisdictional issue in a reply filed on February 29, 2012. The court now determines that this case should be dismissed for lack of subject matter jurisdiction.

III.

A federal court lacks subject matter jurisdiction to entertain a section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing cases). In *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the Supreme Court discussed the "in custody" requirement for federal habeas jurisdiction. While recognizing that a prisoner need not be physically confined to be "in custody" for the purposes of section 2254, the Court noted:

> We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed. Indeed, [the Court's] decision in *Carafas v. LaVallee*, [391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)], strongly implies the contrary. . . . [O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.

*Id.*, 109 S.Ct. at 1925-26 (emphasis in original); *see also Hendrix*, 888 F.2d at 338 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach

future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of section 2254).

While acknowledging that he has fully served his two-year sentence in the arson case, petitioner maintains that he is "in custody" under that conviction because it was used to enhance his punishment in three burglary cases for which he is still incarcerated. (*See* Pet. Mot., Br. at 4-5; Pet. Reply Br. at 1-2). However, a federal court lacks subject matter jurisdiction to entertain a section 2254 action challenging the validity of an expired conviction "even if the prior conviction was used to enhance the sentences imposed for any subsequent crimes of which [petitioner] is convicted." *Josey v. Thaler*, No. 4-11-CV-0633-A, 2012 WL 195002 at *2 (N.D. Tex. Jan. 23, 2012), *citing Maleng*, 109 S.Ct. at 1926.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the

district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

      DATED:   March 6, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE