IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD DAVID SUTHERLAND | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-11-CV-3490-N |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions and a recommendation in this case. An objection was filed by petitioner. The District Court reviewed *de novo* those portions of the proposed findings, conclusions and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions and recommendation for plain error. Petitioner's objection cites two Fifth Circuit cases in which the court considered enhanced sentences in federal habeas actions. *See Haley v. Cockrell*, 306 F.3d 257 (5th Cir. 2002), *rev'd sub nom. Dretke v. Haley*, 541 U.S. 386 (2004); *Childress v. Johnson*, 103 F.3d 1221 (5th Cir. 1997). The crucial distinction is that those cases involved a habeas challenge to the case with the enhanced sentence, not to the case used to enhance the sentence. Here, while the gravamen of Petitioner's complaint is that he is presently subject to an enhanced sentence in a later case, his habeas challenge is to the older case used to enhance his present sentence, as to which this Court has no jurisdiction. The Court expresses no opinion regarding whether a habeas challenge to his current conviction would be timely or otherwise viable, or whether he would be granted leave to amend if he requested

such leave.  Finding no error, the Court ACCEPTS the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability.  The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[1]

In the event the petitioner will file a notice of appeal, the court notes that

(   )   the petitioner will proceed *in forma pauperis* on appeal.

( **X** )   the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

SO ORDERED this 30th day of March, 2012.

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

(a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

(b) Time to Appeal. Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE